**Madeliene Y. JEFFREYS, Plaintiff,**

v.

**HOUSING AUTHORITY OF THE OF THE CITY OF WINSTON–SALEM, Defendant.**

**No. 6:97CV00057.**

United States District Court, M.D. North Carolina, Winston–Salem Division.

Nov. 23, 1998.

David Erik Albright, Smith, Helms, Mulliss & Moore, Greensboro, NC, for plaintiff.

Joel M. Leander, Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, for defendant.

## MEMORANDUM OPINION AND ORDER

SHARP, United States Magistrate Judge.

Plaintiff Madeliene Y. Jeffreys, an occupant of a Winston–Salem public housing project, filed this action *pro se*, contending that the Defendant Housing Authority of the City of Winston–Salem has for several years computed and charged her rent on an incorrect basis and in violation of federal law. The Housing Authority charges rent to its residents based upon annual income. Generally, rent is calculated to be thirty percent of annual income. In accordance with federal law, however, a $400 deduction is made from annual rent if the resident family is a "disabled family." Further, if a family qualifies as a disabled family, federal law directs the Housing Authority to grant a medical expense deduction from annual income to the extent that medical expenses exceed three percent of annual income. The medical expense deduction may serve to further lower the rent charged to a "disabled family."

In her complaint in this action, Plaintiff Jeffreys alleges that her family is entitled to be treated by the Defendant as a "disabled family," and therefore afforded lower rent, for two reasons. First, she alleges that she herself is "disabled" under the applicable regulations. Second, she alleges that her family, which is comprised of herself and two disabled children, qualifies as a "disabled family" under federal law. Defendant denies that Plaintiff is entitled to the rent reductions that are available to a disabled family.

This matter comes before the court on cross-motions for summary judgment. There is little in the way of a factual dispute between the parties. For the most part, the parties simply disagree on what is the correct interpretation of applicable laws and regulations that define a "disabled family" insofar as rent calculations are concerned. *See* 24 C.F.R. § 5.403 (1997); 24 C.F.R. § 913.102 (1996). The case thus turns on a question of law, and appears appropriate for summary judgment determination.

## THE SUMMARY JUDGMENT STANDARD OF REVIEW

A party is entitled to judgment as a matter of law upon a showing that "there is no genuine issue of material fact." Fed. R.Civ.P. 56(c). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. A genuine issue as to such facts exists if the evidence forecast is sufficient for a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing

on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating a forecast of evidence on summary judgment review, the court must view the facts and inferences reasonably to be drawn from them in the light most favorable to the nonmoving party. The court may not weigh conflicting evidence or resolve disputed facts. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985).

When the moving party has carried its burden, the nonmoving party must come forward with evidence showing more than some "metaphysical doubt" that genuine and material factual issues exist. *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). A mere scintilla of evidence is insufficient to circumvent summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. Instead, the nonmoving party must convince the court that, upon the record taken as a whole, a rational trier of fact could find for the nonmoving party. *Id.* at 248–49, 106 S.Ct. 2505. Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1315–16 (4th Cir.1993).

## DISCUSSION

The federal statute directly pertinent to the questions before the court is 42 U.S.C. § 1437a, which deals with rental payments to be charged to families during their occupancy in low-income housing. Further, there are HUD regulations that contain definitions of "disabled family" and "elderly family," as those terms are used in calculations of rental payments. Prior to 1997, the relevant regulation was 24 C.F.R. § 913.102, which read,

Elderly Family. A family whose head or spouse (or sole member) is an Elder-

ly, Disabled, or Handicapped person. It may include two or more Elderly, Disabled, or Handicapped persons living together, or one or more of these persons living with one or more Live–in–Aides.

In 1997, the regulation was reissued as 24 C.F.R. § 5.403(b), which provides, with respect to a disabled family,

Disabled family means a family whose head, spouse, or sole member is a person with disabilities; or two or more persons with disabilities living together, or one or more persons with disabilities living with one or more live-in-aides.

The parties to this action are in agreement that Plaintiff would be entitled to the rent reductions she seeks if (1) she, herself, is a disabled person or (2) her family qualifies as a "disabled family" under federal law. If Plaintiff herself, as head of her household, is a "person with disabilities," she qualifies for rent reductions under the first sentence of 24 C.F.R. § 5.403(b). The parties disagree on what showing is required of a person seeking status as a "person with disabilities," and, on the record in this case, whether Plaintiff has shown she is such a person.

After careful review of the record, the court concludes that the Defendant Housing Authority is entitled to summary judgment on the issue of whether Plaintiff is a "person with disabilities" for purposes of calculating rental payments for her low-income housing. The definition of a "person with disabilities" is any person who has a disability as defined under the Social Security Act, who has a developmental disability as defined in the Developmental Disabilities Assistance and Bill of Rights Act, or who meets the criteria in any specific HUD regulations (none have been issued). Plaintiff Jeffreys does not claim developmental disabilities, and thus must demonstrate that she is "disabled" as defined under the Social Security Act.

█ The record in this case is clear that Plaintiff has never qualified for Social Security Income (SSI) or disability benefits

or been found by the Social Security Administration to be disabled. She has had disability claims pending before the Administration, but none has ever been adjudicated to a finding of disability. Plaintiff appears to argue in her brief filed December 30, 1997 (Pleading no. 20), that the mere pendency of a disability claim causes her to satisfy the HUD regulation that she be a "person with a disability" in order to qualify for rent reductions. The court rejects this assertion as unfounded.

The record is further clear that the Defendant Housing Authority requires, from a person not receiving SSI, a statement from a physician which includes the following information: (1) that the person is disabled, (2) the nature of the disability, (3) that the person cannot be employed as a result of the disability, (4) the likely duration of the disability, and (5) contact information so that the physician's statement can be verified. (McNeil Supp.Aff. at ¶ 4.) This requirement is clearly a reasonable exercise of the Housing Authority's power and duty to enforce HUD's regulations regarding disabled persons. Plaintiff concedes that she has never submitted such a letter to the Housing Authority. Instead, Plaintiff argues that Defendant should have reviewed all her medical records (which do not include an opinion letter regarding disability by a physician), including records showing the *pendency* of disability applications, and independently determined that she is a disabled person.

■ The court finds that Defendant's requirement of a physician letter regarding disability is a reasonable requirement imposed upon (non-SSI) applicants for rent reduction based on alleged disabilities. Since Plaintiff has at no time met this requirement, her claim for rent reductions based upon her alleged status as a "person with disabilities" must be denied. The Defendant Housing Authority is entitled to summary judgment on this claim of the complaint.[1]

Plaintiff Jeffreys second claim, a claim of statutory and regulatory interpretation, is much more problematic. Jeffreys claims that her family is a "disabled family" under the second clause in 24 C.F.R. 913.102 (1996) and 24 C.F.R. 5.403(b) because it includes two or more persons with disabilities (her two children who receive SSI) living together. This is a reasonable interpretation of the regulations in question. The first clause of each regulation provides that a family whose head, spouse, or sole member is disabled is a "disabled family," but each regulation proceeds with an "or" clause that seemingly defines a separate combination of persons who qualify as a disabled family. If the second clause does identify an entirely separate combination of persons who qualify, as the regulations may reasonably be read, Plaintiff Jeffreys' family would undeniably qualify as a disabled family.

Nonetheless, HUD does not interpret the regulations in question as argued for by the Plaintiff. Instead, HUD interprets that the key provision in both regulations is the first section, which ties "disabled family" status to the head of household or spouse (or sole member). Under HUD's reasoning, any disabled family *must* include a disabled head of household or spouse, and the remaining clauses of the regulations simply clarify that disabled families may include other members who may be disabled. (Office of General Counsel, letter to Joel Leander, Attach. to Pl. no. 28.)

■ The court considers that the claim by Plaintiff that hers is a "disabled family" is a claim that presents serious legal questions. Plaintiff, proceeding *pro se*, has brought the issue forward, but does not appear to have access to legal research materials that would help her fully develop her arguments. Therefore, the court will

---

1. Plaintiff has filed a document purporting to request "amended damages," but the court has not authorized any amended complaint, and the original complaint continues to control this action.

at this time appoint counsel to represent Plaintiff Jeffreys. The court hereby appoints attorney D. Erik Albright. Mr. Albright shall forthwith contact Plaintiff Jeffreys and proceed with her representation. Plaintiff retains, of course, the right to refuse representation of counsel (which the court strongly advises against).

The entrance of counsel for the Plaintiff will cause the court to extend the briefing opportunities of the parties, as set out below.

## CONCLUSION

For reasons set forth below, **IT IS ORDERED** that the Defendant Housing Authority's motion for summary judgment is **GRANTED** on the claim that Plaintiff has been a "person with disabilities," entitled to rent reductions on that basis. Plaintiff's other claim in this action, that Plaintiff's family is a "disabled family" as a result of having two disabled children, remains before the court and is the subject of cross-motions for summary judgment. **IT IS FURTHER ORDERED** that Mr. D. Erik Albright is appointed as counsel for Plaintiff. Plaintiff Jeffreys, by and through counsel shall file a summary judgment brief on Plaintiff's claim by February 12, 1999, and Defendant may file a response by March 12, and Plaintiff may reply by March 26.

**IT IS FURTHER ORDERED** that the original complaint remains the controlling document at this time. Plaintiff is granted leave to file an amended complaint at any time on or before January 15, 1999. This leave does not include permission to add new legal causes of action, but only to properly state the present claims now that the benefit of counsel has been granted. If counsel for Plaintiff believes there are new claims that should be added, he should seek leave of court.